JOHN MEALEY

*vs.*

RICHARD B. BUCKINGHAM *et al.*

New Castle, In Vacation, July, 1891.

*Collector's bond — obligation of sureties — injunction against mutilating tax list.*

1. The obligation of sureties on a tax collector's bond in the usual form provided by the Delaware Revised Statutes extends to the faithful performance of his duty by their principal and no further.

2. It seems that the settlement of a collector's accounts by the Levy Court and the making of allowances for delinquents as provided by Delaware Laws, chap. 8, § 21, will not prevent the holding of the collector and his sureties liable for money received and not accounted for by the collector.

3. A suit to enjoin proceedings to collect from a surety on a collector's bond an amount collected but not accounted for by his principal on the ground that the matter was concluded by the settlement of the collector's accounts is premature, if no execution has been issued or other steps taken to collect the judgment, although the judgment has been entered.

4. An injunction may properly be issued to prevent the altering or obliterating of entries made upon an assessment and delinquent list on file in the clerk's office at the request of a surety on the collector's bond, although his suit to enjoin the collection of a judgment against him for moneys collected but unaccounted for by the collector fails because prematurely commenced.

INJUNCTION BILL.—The bill seeks to restrain the enforcement of a judgment against defendant, a surety on the bond of a tax collector, which was alleged to have been recovered after the collector had made a final settlement and received his discharge from the proper authorities.   The facts sufficiently appear in the opinion.

*John H. Rodney, Willard Saulsbury, Jr.,* and *Branch H. Giles,* for the plaintiff:

Practically the sole ground, sought to be presented as a material defense to the prayer of the bill, urged in support of the action of a majority of the defendants, is that they believe the list allowed by them to be fraudulent and that the collector before its allowance and the credit thereof given on his official bond, did not make and subscribe the oath required by the statute to its correctness, etc.

It however appears that some kind of a jurat by an officer capable of administering an oath is subscribed to said list, and complainant submits that even had no oath of any sort been made the allowance of said list it would not thereby be invalidated; the only reason for this requirement being to give to the Levy Court some prima facie evidence upon which their settlement, allowance, and credit could be based, and if they waived this requirement enacted for their own protection, it merely shows a delinquency on their own part to require that every safeguard shall be made use of to protect the county against unjust and invalid claims.

Their own fault cannot be made the ground for setting aside their own final action in their own favor to the prejudice of this complainant who had no part in the transaction and for whose benefit the credit was allowed.

The allegation of fraud is moreover fully and explicitly denied by affidavits submitted, and it is submitted that both facts and law can be presented to this court to show the contention groundless, and it is confidently submitted that sufficient both of law and facts have been produced at this stage of the cause to warrant the issuance of the injunction as prayed.

Complainant contends:

1. That it is not competent or legal for the Levy Court

to reinstate or add to the assessment lists the names of those previously allowed as errors.

It is provided by Rev. Code, chap. 8, § 21, that in the month of March of each year the Levy Court shall adjust and settle the accounts of the collectors, making all just allowances, and the adjustment and settlement shall be final; and shall examine and settle the delinquent list and make allowance of delinquents, and upon such allowance the collector shall be credited with the amount thereof, and by § 1, chap. 372, Vol. 14, Laws of Delaware, in force at the time the error and assessment list in question were acted upon, it is provided that the name of such delinquents shall be dropped from the assessment list by the Levy Court. This last provision was in fact carried into effect in the case now before the court and the clerk of the peace made upon the assessment lists the usual and proper entries to indicate that those who had been returned delinquent had been allowed as errors to the collector.

2. That as appears from the affidavits filed in this cause no sufficient proof has been made to the Levy Court of the right of the persons so ordered to be reinstated by the Levy Court upon the assessment lists. Admitting that the Levy Court had the right to reinstate the names of those allowed as delinquents who had paid their tax, yet it is submitted that in such case proper and legal proof must be offered to support such claim. This is a matter of fact which it is claimed cannot be determined upon the rule to show cause why a preliminary injunction shall not issue, but upon the subsequent proceeding to make that injunction a permanent one.

3. The complainant claims that he is a proper person to ask for this injunction and prohibitory writ.

After a credit has been allowed a public officer by the government and his accounts have been settled it is not

competent for the government to open the account and revoke such credit unless it were originally given through fraud, imposition, or mistake.

9 U. S. Dig., Officers, IV. p. 689, cites *United States* v. *Kuhn,* 4 Cranch, C. C. 410–419.

Injunction will lie against public officers infringing private rights, ostensibly in the performance of duties but illegal in themselves.

Shortt, Extraordinary Legal Remedies, 132 ; Kerr, Inj. 568, 605 ; 3 Pomeroy, Eq. 1345.

For example against sheriff selling or levying under authority of an execution.

The ground of this application is fraud on the bondsmen of the collectors. They have no day in court.

To place one on assessment list certain legal formalities and proof are required.

16 Del. Laws, 306, chap. 320, § 6.

The law presupposes a personal application and by that means only can corrections be made.

16 Del. Laws, p. 307, §§ 9, 10, chap. 320.

Time for corrections has expired,—the repeal was only enacted to authorize putting delinquents on next year or January.

19 Del. Laws, chap. 30, p. 78 ; 14 Rev. Code, p. 82, chap. 371 ; *Smith* v. *Ridings,* 9 Houst. (Del.) 235.

The Levy Court has only the right to levy tax in accordance with a law of the State.

*Philadelphia, W. & B. R. Co.* v. *Neary,* 5 Del. Ch. 600, 607.

Collectors of Wilmington are required to give an itemized bill to taxables.

17 Del. Laws, 37, chap. 23.

This injunction should at least issue to stop action till opinion is obtained from the court of errors and appeals.

Kerr, Inj. 611, 28.

The delinquent list must be settled and allowed in March.

Rev. Code, 65, § 21.

This settlement and allowance and credit allowed collectors is final.

*Ibid.*

Judicial power of Levy Court, if any, ceased as to whom should be allowed as errors in March.

*Edward J. Bradford,* for the defendants.

THE CHANCELLOR.—It appears by the bill, and it is admitted by the answer in this cause, that George W. McKee was appointed by the Levy Court of New Castle County a collector of taxes for the southern district of the city of Wilmington for the year A. D. 1890, and as such collector of taxes entered into a bond to the State of Delaware in the sum of $100,000, with other persons in said bill named, as sureties, which said bond was accepted by the Levy Court. That a judgment, No. 293, to May term, A. D. 1890, was entered upon the said bond in the Superior Court of the State of Delaware in and for New Castle County on the 8th day of July, A. D. 1890, against the said George W. McKee and his sureties.

The bond is not before me, but I presume it is in the usual form which may be found in the Revised Statutes of this State. The sureties in such a bond are of course bound by it for the faithful performance of his duty by their principal. To this extent their obligation extends and no further.

A duplicate of the taxes levied by the Levy Court is delivered to the collector which taxes he is bound to collect, subject to deductions made by the Levy Court for delinquents, a list of which delinquents is returned by the collector to the Levy Court.

Allowance of delinquents is made by the Levy Court and upon such allowance the collector is credited with the amount thereof.

At the meeting in March in each and every year as provided in section 21, chapter 8, of the Laws of Delaware, the Levy Court shall examine, adjust, and settle the accounts of the collectors, making all just allowances and the adjustment and allowance shall be final.

The complainant contends that after the allowance of the delinquent list returned by McKee as collector, his principal, and his accounts settled in March, it was final, and relies, among [other things, upon authority cited, stating that when a credit has been allowed a public officer by the government and his accounts have been settled, it is not competent for the government to open the accounts and revoke such credit, unless it were originally given through fraud, imposition, or mistake. Now the words, "unless it were originally given through fraud, imposition, or mistake," are very important words and of significant import. But I do not intend in this or any other case to be governed or influenced by any partisan political opinion which may be urged or even suggested by any party, to any cause. Here no such questions are considered or entertained. Here the important question is, Did McKee, the principal in the bond, receive in payment of taxes on the duplicate made out and placed in his hands by the Levy Court any money not accounted for by him?

If he did, the proper judicial authorities will see to it that he and his sureties shall be held to proper accountability in respect to the same, and at the same time be protected against any illegal increase of their liability; but I am not going into this question now. Although it was said in the argument on one side, and consented to on the other side, that the judgment had been entered

against McKee and his sureties in the Superior Court of the State of Delaware in and for New Castle County, and that an execution had been issued thereon, yet it nowhere appears, either in the bill or answer that such execution had been issued, or that anything had been done toward the collection of such execution.

It will be necessary to consider such questions whenever they more properly arise hereafter.

It is proper and necessary that the record and papers recorded or filed in a public office such as that of the clerk of the peace or clerk of the Levy Court be preserved unchanged, unobliterated, unaltered, and in their entirety, by any one whatever and whomsoever.

These records may or may not be available as evidence to parties in litigation, and may or may not be evidence in suits in controversy at law or in equity, in respect to public or private rights.

They should be preserved in their entirety for any and all purposes for which they may be legally available.

If they should ever be proper as evidence their preservation unchanged would be proper and imperatively necessary. Let no one therefore causelessly or illegally change, mutilate, alter, or efface them.

What names shall appear upon the assessment list to be delivered to the receiver of taxes for New Castle County for the year 1891, is a question which does not properly arise in this case; one over which I have no jurisdiction; one which does not affect the interest or liability of the complainant in this cause. I therefore disregard it as inapplicable to the controversy legitimately before me.

And now, to wit, this 23d day of July, A. D. 1891, it is ordered, adjudged, and decreed by the Chancellor:

That the restraining order heretofore issued be discharged, except in so far as said order restrains defend-

ants, their agents, servants, or employés from altering, or changing, or obliterating the entries made by the clerk of the peace of New Castle County upon the assessment list, or list of delinquent taxables returned by the said George W. McKee, collector, as delinquents, and allowed by the said Levy Court as delinquents to said collector, or upon the records of the said Levy Court, or upon·the said delinquent list so returned.

And it is further ordered, adjudged, and decreed that the defendants be and are hereby enjoined from altering, obliterating, or changing the assessment list or lists of delinquent taxables returned by the said George W. McKee, collector, as delinquents and allowed by the said Levy Court as delinquents to the said collector, until the further order and decree of the Chancellor.

And be it further ordered, adjudged, and decreed, that the bill of the complainant, so far as not affected by this decree, be dismissed without prejudice, and that the complainant have leave hereafter to file a new bill, if hereafter he should deem it proper and necessary.